IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VFB LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-137 KAJ |
| | ) | |
| CAMPBELL SOUP CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

---

David Stratton, Esq., James C. Carignan, Esq., Pepper Hamilton LLP, 1313 Market St., Suite 5100, P.O. Box 1709, Wilmington, Delaware 19899-1709; Counsel for Plaintiffs.
    Of Counsel: Barbara W. Mather, Esq., Robert L. Hickok, Esq., Benjamin P. Cooper, Esq., Pepper Hamilton LLP, 3000 Two Logan Square, Eighteenth & Arch Streets, Philadelphia, Pennsylvania 19103-2799.
    John A. Lee, Esq., Robin Russell, Esq., David P. Griffith, Esq., William S. Locher, Esq., Andrews & Kurth LLP, 600 Travis, Suite 4200, JP Morgan Chase Tower, Houston, Texas 77002.

Neal C. Belgam, Esq., Dale R. Dubé, Esq., Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801; Counsel for Defendants.
    Of Counsel: Richard P. McElroy, Esq., Mary Ann Mullaney, Esq., Blank Rome LLP, One Logan Square, Eighteenth & Cherry Streets, Philadelphia, Pennsylvania 19103.
    Douglas K. Mayer, Esq., David C. Bryan, Esq., Wachtell, Lipton, Rosen & Katz, 51 West 52nd St., New York, New York, 10019.

---

December 5, 2005
Wilmington, Delaware

*[Signature: Kent Jordan]*

JORDAN, District Judge

## I. INTRODUCTION

Presently before me is a Motion for a New Trial and to Alter and Amend the Court's Findings and Judgment (Docket Item ["D.I."] 380; the "Motion to Amend"), filed by Plaintiff VFB L.L.C. ("VFB"). Also before me is a Motion to Strike VFB's Motion to Amend (D.I. 384; the "Motion to Strike"), filed by Defendants Campbell Soup Company, Campbell Investment Company, Campbell Foodservice Company, Campbell Sales Company, Campbell Soup Company, Ltd. (Canada), Joseph Campbell Company, Campbell Soup Supply Company, L.L.C., and Pepperidge Farm, Inc. (collectively, "Campbell").

Jurisdiction over this case is proper under 28 U.S.C. § 1334. For the reasons that follow, Campbell's Motion to Strike will be granted, and VFB's Motion to Amend will be denied.

## II. BACKGROUND

VFB brought this action against Campbell, alleging that Campbell engineered a fraudulent transfer of over $600 million from VFB's predecessor in interest, Vlasssic Foods International, Inc., ("VFI"), to Campbell, that Campbell controlled VFI's directors and caused them to breach their fiduciary duties, that VFI paid illegal dividends to Campbell, that Campbell was VFI's alter ego, and that Campbell's Proof of Claim against VFI's bankruptcy estate was either voidable or should be equitably subordinated. (D.I. 45, ¶¶ 699-759, D.I. 376 at 1.) On September 13, 2005, I entered my Findings of Fact and Conclusions of Law, deciding in favor of Campbell and against

VFB on all counts. (D.I. 376 at 74.) Final judgment was entered against VFB on October 3, 2005. (D.I. 379.)

The background of this case was set out in my Post-Trial Findings of Fact and Conclusions of Law, and therefore will not be repeated in detail here. (See D.I. 376.) Here, VFB challenges my findings with respect to Campbell's Administrative, Reclamation, and Unsecured Claims against VFB's bankruptcy estate, arguing that I improperly placed the burden of proof on VFB rather than on Campbell. (D.I. 381 at 3-11; D.I. 376 at Conclusions of Law ["CL"] ¶¶67-68.) Campbell argues that my findings were correct, and also moves to strike VFB's motion as untimely. (D.I. 382; 384.)

## III.   DISCUSSION

### A.   Campbell's Motion to Strike

#### 1.   The Bankruptcy Rules Apply to this Case

In its Motion to Strike, Campbell claims that VFB's motion is untimely, as Campbell alleges that VFB filed its Motion to Amend more than ten days after the entry of final judgment in this case. (D.I. 385 at 1.) According to Campbell, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rather than Rule 6 of the Federal Rules of Civil Procedure (the "Civil Rules"), applies to the computation of time for the ten-day deadline applicable here.

It is undisputed that under either set of rules,[1] the time for filing a motion for a new trial or a motion to alter and amend the judgment is ten days. See Fed. R. Civ. P.

---

[1] Bankruptcy Rule 7052 incorporates Civil Rule 52 into the Bankruptcy Rules. Fed. R. Bankr. P. 7052. Bankruptcy Rule 9023 incorporates Civil Rule 59 into the Bankruptcy Rules. Fed. R. Bankr. P. 9023.

2

52(b); Fed. R. Civ. P. 59(b), (e); Fed. R. Bankr. P. 7052; Fed. R. Bankr. P. 9023. As to the computation of time, however, the rules differ. Under the Civil Rules, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). However, under the Bankruptcy Rules "[w]hen the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Bankr. P. 9006(a). Therefore, under the Civil Rules, intermediate Saturdays, Sundays, and legal holidays are not counted in the ten day deadline, but under the Bankruptcy Rules, they would be. Here, final judgment was entered on October 3, 2005 (D.I. 379.) Therefore, under the Civil Rules, VFB would have had until October 18, 2005 to file its Motion to Amend, but, under the Bankruptcy Rules, VFB had only until October 13, 2005 to file. VFB filed the Motion to Amend on October 18, 2005. Therefore, I must determine whether the Bankruptcy Rules or the Civil Rules apply to this action to decide whether VFB's motion was timely filed.

Under 28 U.S.C. § 1334(b), a district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. This court took jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), and the parties did not dispute that the case is a "civil proceeding[ ] arising under title 11, or arising in or related to cases under title 11." (D.I. 346 at ¶CL1; Amended Complaint, D.I. 45 at ¶ 16.) Bankruptcy Rule 1001 states that "the Bankruptcy Rules . . . govern procedure in cases under title 11 of the United States Code." Fed. R. Bankr. P. 1001. This includes "bankruptcy cases filed under chapters 7, 9, 11, 12, and 13 of the Bankruptcy Code, and proceedings arising in or related to

3

such cases, or arising under title 11." Collier on Bankruptcy, ¶ 1001.01 (Alan N. Resnick et al. eds., 15th ed. 2005). Therefore, as under Bankruptcy Rule 1001 this is a case arising in or related to a case under title 11 of the United States Code, the Bankruptcy Rules govern. *Cf. In re Celotex Corp.*, 124 F.3d 619, 629 -630 (4th Cir. 1997) ("We have determined that this case is properly in federal district court on 'related to' jurisdiction under § 1334(b). The entire body of Bankruptcy Rules, therefore, applies to this action.").

Further support for that conclusion is the statement by the United States Court of Appeals for the Third Circuit that, where a court has jurisdiction over a case based on 28 U.S.C. §1334, the Bankruptcy Rules govern. *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1236-37 (3d Cir. 1994). The court in *Phar-Mor* relied on Federal Rule of Civil Procedure 81(a)(1) in deciding that the Bankruptcy Rules should govern. *Phar-Mor*, 22 F.3d at 1236. The version of Rule 81 in effect when *Phar-Mor* was decided stated that the Federal Rules of Civil Procedure "*do not* apply to . . . proceedings in bankruptcy . . . *except* in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States." Fed. R. Civ. P. 81 (pre-2001 amendment) (emphasis added). However, since December of 2001, Rule 81(a)(1) has provided that "these rules . . . *do* apply to proceedings in bankruptcy *to the extent* provided by the Federal Rules of Bankruptcy Procedure." Fed. R. Civ. P. 81 (2002) (emphasis added). That amendment raises the question of whether the *Phar-Mor* decision, which has not been overruled but has also not been cited on this point since the 2001 Amendment to Rule 81, is still applicable.

4

The answer to that question depends on the effect of the 2001 Amendment. The advisory committee note regarding the 2001 Amendment simply states that "[t]he reference to incorporation of the Civil Rules in the Federal Rules of Bankruptcy Procedure has been restyled." Fed. R. Civ. P. 81 advisory committee's note; *see also Chrysler Financial Corp. v. Powe*, 312 F.3d 1241, 1243 n.1 (11th Cir. 2002) ("The 2001 amendments restyled the reference to incorporation of the Civil Rules in the Federal Rules of Bankruptcy Procedure. This change has no effect on our jurisdictional analysis." (internal citations omitted)); 9 Collier on Bankruptcy ¶ 1001.01[2] (Alan N. Resnick et al. eds., 15th ed. 2005) ("Federal Rule of Civil Procedure 81(a) . . . states that the Federal Rules of Civil Procedure 'apply to proceedings in bankruptcy to the extent provided in the Federal Rules of Bankruptcy Procedure.' Thus, the Federal Rules of Civil Procedure are only applicable in bankruptcy cases and proceedings to the extent they are incorporated by reference in the Federal Rules of Bankruptcy Procedure."). It therefore appears that the change in Rule 81 is purely stylistic and does not affect the applicability of *Phar-Mor* to the instant case.[2]

In sum, the decision in *Phar-Mor* remains good law, and Bankruptcy rule 9006 provides the proper method of computing time in this case. Under Bankruptcy Rule

---

[2] Additionally, the language of Rule 81(a)(1), that "these rules . . . *do* apply to proceedings in bankruptcy *to the extent* provided by the Federal Rules of Bankruptcy Procedure," supports the conclusion that Bankruptcy Rule 9006 applies to this case. The Bankruptcy Rules clearly incorporate many of the Civil Rules. *See, e.g.*, Fed. R. Bankr. P. 7026 (incorporating Fed. R. Civ. P. 26); Fed. R. Bankr. P. 7052 (incorporating Fed. R. Civ. P. 52); Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59). However, although Bankruptcy Rule 9006 is modeled on Civil Rule 6 (Fed. R. Bankr. P. 9006, advisory committee note (1983)), Civil Rule 6 is clearly not incorporated into the Bankruptcy Rules, as Bankruptcy Rule 9006 provides a different method for the computation of time.

9006, VFB was required to submit its Motion to Amend by October 13, 2005. Because VFB did not submit its motion until October 18, VFB's motion was untimely.

2. The 10-day Time Limit is Jurisdictional

VFB filed its Motion to Amend under Civil Rules 52 and 59, which are made applicable to Bankruptcy cases by Bankruptcy Rules 7052 and 9023. Under Bankruptcy Rule 9006(b)(2), "[t]he court may not enlarge the time for taking action under Rules . . . 7052 [and] 9023." Fed. R. Bankr. P. 9006. Furthermore, the 10-day filing deadline under rules 52 and 59 is jurisdictional, such that this court's jurisdiction ceased to exist at the expiration of the time limit. *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 263 n.7 (1978) ("the District Court lost jurisdiction 10 days after entry of the October 21 judgment to grant relief under Rule 52(b) or 59"); *Smith v. Evans*, 853 F.2d 155, 157 (3d Cir. 1988) (noting that the court has a "continuing obligation to examine [its] subject matter jurisdiction" and stating that the "ten day period [for filing a motion under Rule 59] is jurisdictional, and cannot be extended in the discretion of the district court . . . a district court may not extend or waive the ten day limit" (internal quotations and citations omitted)). As a result, I do not have jurisdiction to consider VFB's Motion to Amend, as it was filed beyond the 10-day deadline.

3. VFB's Other Arguments

VFB presents three other arguments as to why Campbell's Motion to Strike should not be granted. First, VFB argues that a Motion to Strike is "procedurally improper under the Federal Rules," as a motion to strike under Rule 12(f) is for pleadings only. (D.I. 394 at 4.) VFB's argument is unavailing for two reasons. First,

6

courts in the Third Circuit have long granted motions to strike when a motion under Rule 52 or 59 was filed outside the 10-day deadline. *See, e.g., Kruse v. Zenith Radio Corp.*, 82 F.R.D. 66, 69 (W.D.Pa. 1979) ("Defendant's motion to strike motion for new trial will be granted as to plaintiffs . . . for failure to comply with Federal Rule of Civil Procedure 59(b)."); *Mroz v. Dravo Corp.*, 293 F.Supp. 499, 507 (D.C.Pa. 1968) ("plaintiff filed a motion to strike defendant's post-trial motions because untimely served . . . [and] the motions for new trial must be stricken."); *John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co.*, 19 F.R.D. 379, 391 (M.D.Pa. 1956) ("In view of the foregoing, the court has no alternative but to grant plaintiff's motion to strike defendant's motion for a new trial."). Furthermore, because failure to comply with the 10-day filing requirement of Rules 52 and 59 creates a jurisdictional bar to this court hearing this motion, it is unimportant whether Campbell brought this jurisdictional issue to light in the procedurally proper way. Indeed, this court has the "continuing obligation to examine [its] subject matter jurisdiction," and because jurisdiction does not exist, I am unable to examine VFB's Motion to Amend, regardless of the form in which Campbell couched its motion. *Smith v. Evans*, 853 F.2d 155, 157 (3d Cir. 1988). For these same reasons, VFB's second argument, that Campbell is estopped from arguing that the Bankruptcy Rules should apply, is also unavailing. (D.I. 394 at 11-14.)

Third, VFB argues that even if the Bankruptcy Rules apply, its motion should be considered a motion for reconsideration under Bankruptcy Rule 3008. Bankruptcy Rule 3008 states that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 3008. VFB correctly

asserts that the 10-day time limit applicable to motions under Civil Rules 52 and 59, made applicable to Bankruptcy cases through Bankruptcy Rules 7052 and 9023, does not apply to motions for reconsideration under Bankruptcy Rule 3008. Fed. R. Bankr. P. 9023 ("Rule 59 FR Civ P applies in cases under the Code, except as provided in Rule 3008."). However, a motion for reconsideration under Bankruptcy Rule 3008 that is filed beyond the 10-day deadline should be treated as a motion under Bankruptcy Rule 9024, which incorporates Civil Rule 60. *Matter of Aguilar*, 861 F.2d 873, 874 (5th Cir. 1988) ("motions to reconsider [under Bankruptcy Rule 3008] should be treated as . . . Fed. R. Civ. P. 60 motions . . . where a Rule 3008 motion is filed after the ten day period during which appeals are permitted."); *contra In re Motor Freight Express*, 91 B.R. 705, 710 (Bankr. E.D. Pa. 1988) ("the only practical effect of the added language in B. Rule 9023 . . . is the elimination of the 10-day period in which a party seeking reconsideration of a claim in the nature of Rule 59 may proceed . . . we further hold that we have the power to correct 'errors of law' in considering B. Rule 3008 motions.").[3]

If the standard for a motion under Civil Rule 60 is applied, VFB's Motion to Amend cannot be considered a motion for reconsideration under Bankruptcy Rule 3008 for two reasons. First, in its motion VFB essentially alleges that the court committed legal error in wrongfully placing the burden of proof on VFB rather than Campbell. (D.I.

---

[3] I believe that the Fifth Circuit is correct that a motion under Bankruptcy Rule 3008 should be treated as a motion under Civil Rule 60. To allow a party to use Rule 3008 as a vehicle for requesting the correction of legal error beyond the 10-day period set out in Fed. R. Civ. P. 59 and Fed. R. App. P. 4(a)(4) would effectively destroy the 10-day limit. There would be no purpose for the 10-day period for a party filing a motion under Bankruptcy Rule 9023 or 7052, if that time limit was essentially abrogated by Bankruptcy Rule 3008.

8

381 at 3.) A motion for reconsideration under Bankruptcy Rule 3008 or Civil Rule 60(b) is not a proper vehicle for alleging legal error. *U.S. v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("A motion under Rule 59(e) is . . . used to allege legal error . . . a Rule 60(b) motion 'may not be used as a substitute for an appeal, and that legal error, without more' does not warrant relief under that provision" (citations omitted)).

Second, because VFB has filed a notice of appeal (D.I. 387), this court only retains jurisdiction to deny a motion for reconsideration, but lacks the jurisdiction to grant it. *See, e.g., See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 239-40 (3d Cir.1987) ("when an appellant in a civil case wishes to make a Rule 60(b) motion while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in . . . [the appellate] court for a remand of the case in order that the District Court may grant the motion. . . .") (internal quotations omitted); *TA Instruments, Inc. v. Perkin-Elmer Corp.*, C.A. No. 95-545-SLR, 2000 WL 152130, at *3 (D.Del. Jan. 24, 2000) ("With respect to motions made pursuant to Rule 60(b), the Third Circuit has indicated that the pendency of an appeal leaves a district court with jurisdiction to entertain, determine the merits of, and deny such motions, but without jurisdiction to grant such motions."). Therefore, even if VFB's motion could be considered a motion under Bankruptcy Rule 3008, this court would have jurisdiction only to deny it.

9

B.  VFB's Motion to Amend

Because I have determined that this court lacks jurisdiction to consider VFB's Motion to Amend because it was untimely filed under Bankruptcy Rule 9006, that motion must be denied as moot.

## IV.  CONCLUSION

Accordingly, Campbell's Motion to Strike (D.I. 384) will be granted, and VFB's Motion to Amend (D.I. 380) will be denied.  An appropriate order will follow.